UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **MONTRAYGO DRAKE** <br> **LA. DOC #421476** | **CIVIL ACTION NO. 13-2405** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **WARDEN TIM KEITH** | **MAGISTRATE JUDGE HAYES** |

**RULING**

Pending before the Court is a Petition for Writ of *Habeas Corpus* [Doc. No. 1] filed by Petitioner Montraygo Drake ("Drake"). On February 14, 2014, Magistrate Judge Karen L. Hayes issued a Report and Recommendation [Doc. No. 13] in which she recommended that the Court deny the Petition, including Drake's request for an evidentiary hearing, and dismiss his claims. On March 4, 2014, the Clerk of Court received Drake's objections [Doc. No. 14].

Having conducted a *de novo* review of the record in this matter, the Court finds that the Magistrate Judge has correctly stated and applied the law and hereby ADOPTS her Report and Recommendation with one factual clarification. On page 17 of the Report and Recommendation, Magistrate Judge Hayes discusses the state court's denial of Petitioner's *habeas* claim. As part of the discussion, she notes that "the plain view doctrine is technically inapplicable because the officers did not seize the items when they first became plainly visible." [Doc. No. 13, p. 17]. In the Second Circuit Court of Appeal's recitation of facts, that court states that officers discovered the firearms while conducting a sweep, that they "'unloaded and secured the guns for officer safety and **then** exited the residence.'" *Id.* at p. 2 (quoting *State v. Drake*, 37 So.3d 582, 586 (La.

App. 2 Cir. 2010) (emphasis added)). Understandably, Magistrate Judge Hayes interpreted this statement to mean that officers secured the firearms inside the home and did not seize them until a search warrant had been obtained.

However, Drake objects, correctly, that Officer Kent unloaded the firearms and then removed them from the home, securing them in the trunk of his police, before officers obtained a search warrant. [Doc. No. 11-11, p. 63] (Testimony of Officer Kent that the protective sweep took approximately one and one-half minutes and that he took the two firearms he found out of the house and "lock[ed] them in the trunk of a vehicle."). Thus, the plain view doctrine was applicable, and the state court's application of the law was reasonable.

For the foregoing reasons and those stated in the Report and Recommendation, Drake's Petition is DENIED and DISMISSED WITH PREJUDICE.

MONROE, LOUISIANA, this 25th day of March, 2014.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE